UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

Raymond charles Kelash,  
Sharon theresa Kelash  
Plaintiff.  
    v.  
East Central Energy,  
Defendant.

22-cv-2526 ECT/LIB

### VERIFIED PETITION FOR TEMPORARY INJUNCTION

Parties to This Complaint:

1. The Plaintiff(s)
   a. Raymond charles Kelash, Sharon theresa Kelash
      ℅ 17413 155th avenue northeast
      near Foley, Minnesota [No ZIP]
      theboss7700@yahoo.com
      320-355-2761

2. The Defendant(s)
   a. East Center Energy,
      ℅ Lisa Prachar, Chief Financial Officer
      412 main Ave Braham, MN 55006
      Lisa.prachar@ecemn.com

Raymond charles Kelash ; Sharon theresa Kelash, petitions this Honorable Court to issue a temporary injunction and in support therefore states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for temporary injunction.

2. Defendant is a corporate agent acting under license issued by a State of Minnesota.

3. The harm to be enjoined is threatened against a private man living in Minnesota State.

4. The harm, if carried out, would be depriving Plaintiff of life and property without just compensation.

5. Respondent resides and has a principal place of business in City of Braham; a subdivision of the State of Minnesota.

6. This Honorable Court has jurisdiction.

## FACTUAL ALLEGATIONS

7. Plaintiff has first-hand knowledge that Defendant East Center Energy has a well-formed plan to cause serious damage to Plaintiff's health and welfare.

8. East Center Energy recently and repeatedly threatened to interrupt Plaintiff's access to a necessity of life commonly known as electricity service (herein, "service").

9. The threatened irreparable harm would cause Plaintiff injuries for which a money judgment alone is insufficient.

10. The threat is imminent because East Center Energy promised for "interruption" of and being "disconnected" from the service as soon as the 30th of the month of September, 2022.

11. An action for money damages alone is insufficient to restore Plaintiff to his status quo ante, because money alone cannot replace Defendant's needs for equitable and reliable service.

12. Defendant's actions would significantly impede Plantiff's ability to work.

13. The threatened harm to the Plaintiff's health and welfare outweighs any alleged loss to East Center Energy.

14. East Center Energy will suffer no harm whatsoever in being prevented from disconnecting or interrupting the Plaintiff's service.

15. East Center Energy has a duty to serve as a public utility service in exchange for the statutorily granted monopoly they benefit from.

16. No substantial public interest will be contravened by this Honorable Court issuing an injunction favoring this particular Plaintiff.

17. To allow East Center Energy to continue would deprive Plaintiff of several federally protected rights, including Fifth Amendment of the United States Constitution and the Congressional purpose declared in the National Environmental Policy Act of 1969.

18. There is no lawfully promulgated record providing that Plaintiff is to oblige with East Center Energy' extortive request for an impossibility.

19. A substantial likelihood exists that Plaintiff will prevail in this action, because facts on the record show that East Center Energy has received ample notice to fix the billing error causing this issue. See attached six pages : Notice of Bill Dispute.

20. A temporary injunction is necessary to protect Defendant from the threatened imminent irreparable harm, damage, ability to work, and loss to personal property.

WHEREFORE Plaintiff moves this Honorable Court to enter an Order enjoining East Center Energy from interrupting Plaintiff's access to electricity, together with such other and further relief as the circumstances and demands of justice may warrant.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1).]

Due to these facts, and having the natural, unalienable right to land air and water, Affirmant cannot, in good faith, participate in the fraudulent of use of the Federal Reserve system for charges in Interstate Commerce when she is not so authorized nor engaged.

Termination of Affiant's service due to the exercise of rights to access basic necessities like electricity, water, gas and/or telecommunications for personal use, is considered retaliation and will result in a Remontrance filed with the legislature to order an investigation and have the Commissions business charter/ license revoked and actors prosecuted for rights violations.

Sincerely,

by: *[signature]*

Sharon Theresa Kelash

All Right Reserved

Without Predujuce

Notice of Bill Dispute     pg 5 of 5